NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPINELLO COMPANIES, | Civil Action No.: 13-5146 |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SAMAN K. SILVA, *et al.* | |
| Defendants. | |

**CECCHI, District Judge.**

Before the Court is Defendants' motion to dismiss or alternatively transfer venue to the Central District of California. (ECF No. 12). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court will deny the motion.

**I.   INTRODUCTION**

This case arises out of allegations that Defendant Silva used his position within Plaintiff's organization to divert customers to his own business, Defendant Lucas Builders, Inc. ("LBI"). Once Defendants moved to dismiss on jurisdictional and venue grounds, the Court ordered the Parties to take jurisdictional discovery. The following facts are taken from that discovery and the assertions in the Complaint.

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Plaintiff is a California corporation with its principal place of business and headquarters in New Jersey. (Compl. ¶ 4). Defendants are California residents. (Id. at ¶¶ 5-6). Plaintiff originally hired Silva in 2001 to work in its New Jersey office. (Id. at ¶ 12). In 2006, Silva transferred to Plaintiff's California field office, reporting back to the New Jersey headquarters. (Pl. Opp. at 4). Silva resigned from Plaintiff in May 2009, but continued to work part-time for Plaintiff in California, reporting to the New Jersey office. (Id. at 5). In February 2010, Silva rejoined Plaintiff full-time in Plaintiff's California field office. (Id.) Silva again resigned from Plaintiff in March, 2013. (Compl. ¶ 55).

Plaintiff alleges that from 2007 onward Silva: (1) engaged in self-dealing when he awarded subcontracts to LBI without disclosing his financial interest in the company (Compl. ¶ 60; Pl. Opp. 6); (2) diverted Plaintiff's confidential bid opportunities to LBI (Compl. ¶ 61; Pl. Opp. 6); and (3) diverted Plaintiff's confidential information to LBI by forwarding the confidential information from his work email address to his personal email address, and by improperly modifying files on Plaintiff's servers. (Compl. ¶¶ 51-54). From this final allegation, Plaintiff contends that Silva and LBI violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

Defendants move to dismiss on two grounds, venue and failure to state a claim.[2] First, Defendants argue a lack of venue and, in the alternative, that the more appropriate forum for this action is the Central District of California under 28 U.S.C. § 1404. Second, they argue the complaint fails to state a CFAA claim, and that the court should decline pendant jurisdiction over the remaining state law claims. (Def. Br. at 5).

---

[2] Defendants originally included a third ground, lack of personal jurisdiction, which they waived after jurisdictional discovery. (Def. Rep. at 12 n.3).

## II. DISCUSSION

### A. Venue

There appears to be no dispute that the only provision that might confer venue on this court is 28 U.S.C. § 1391(b)(2), which provides that venue is proper in any district where "a substantial part of the events or omissions giving rise to the claim occurred." (Def. Opp. 26). In this circuit, the test to determine whether an event or omission arose in a particular district focuses on "the location of those events or omissions giving rise to the claim." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)). In order to determine whether these events or omissions are substantial "it is necessary to look at the nature of the dispute." Id. at 295. In the Third Circuit, "the defendants bear the burden of showing improper venue." Bockman v. First Am. Marketing Corp., 459 F. App'x. 157, 160 (3d Cir. 2012) (quoting Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982)).

Defendants argue that venue is improper because "Plaintiff does not allege that any actionable conduct occurred in New Jersey." (Def. Br. at 23). However, even if that were so, Defendants would not have met their burden to show improper venue because "it is not necessary for the plaintiff to include allegations in his complaint showing that venue is proper." Great Western Min. & Mineral Co. v. ADR Options, Inc., 434 F. App'x 83, 86-87 (3d Cir. 2011) (citing Myers, 695 F.3d at 724). Because they have not demonstrated that the events underlying the dispute occurred outside of New Jersey, Defendants 12(b)(3) motion fails. Id. at 87 (venue proper when defendant had "presented no evidence" in support of its underlying venue argument).

In any event, Plaintiff has supported its claim that venue is proper in this district. Plaintiff has introduced evidence that Defendant Silva: (1) was a high-ranking employee who often worked from the New Jersey office (Silva Tr. 30:8-31:20, 86:14-25; Pl. Op. 10-11); (2) reported directly

to the New Jersey office for approval of contracts and bids (Black Cert. ¶¶ 7-8); (3) regularly traveled to Plaintiff's New Jersey headquarters on behalf of Plaintiff (Black Cert. ¶¶ 10-11); and (4) that LBI and Silva accepted a loan from Plaintiff in New Jersey (Compl. 99-100; Black Cert. ¶ 14). "Courts have upheld venue where an illegal action was repeated in more than one state and venue was laid in a state that accounted for only a small number of those actions." Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 427 (D.N.J. 2000). Thus, Plaintiffs have shown that substantial events or omissions underlying the dispute occurred in New Jersey, and venue is proper here. 28 U.S.C. § 1391(b)(2).

### B. 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) permits transfer to a more convenient forum "[f]or the convenience of parties and witnesses, in the interest of justice." To guide the trial court's inquiry, "the Supreme Court has prescribed a balancing of private interest factors affecting the convenience of the litigants and public interest factors affecting the convenience of the forum." Windt v. Qwest Commc'n Int'l, Inc., 529 F.3d 183, 189 (3d Cir. 2008) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

The moving party bears the burden of establishing that the transfer is appropriate and must demonstrate that the alternate forum is more convenient than the present forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995). "The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis." Santi v. Nat'l Bus.Records Mgmt., LLC, 722 F.Supp.2d 602, 606 (D.N.J. 2010). "While there is no definitive formula or list of the factors to consider," the Third Circuit has articulated certain "public" and "private" interests implicated by § 1404(a). These enumerated private factors include: plaintiff's forum choice; the defendant's preference; where the claim arose;

convenience of parties; convenience of witnesses—"but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Jumara 55 F.3d at 879 (citations omitted). The enumerated public factors include enforceability of the Court's judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the level of congestion in the respective forums; the local interest in deciding local controversies at home; the public policies of the forum; and the familiarity of the trial judge with the applicable state law in diversity cases.

### 1.     The Private Factors

The private interests of the parties do not favor transfer. For domestic plaintiffs, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); see also Windt, 529 F.3d at 190 ("a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum") (emphasis added). The other factors do not shift the balance against Plaintiff's choice of forum. Defendant was employed by a corporation with its principle place of business and headquarters in New Jersey. The underlying facts of this case arose out of Silva's longstanding employment with this New Jersey based entity. Further, Defendants have not demonstrated that witnesses or evidence will be unavailable to this Court. Yocham v. Novartis Pharm. Corp., 565 F.Supp.2d 554, 558 (D.N.J. 2008). In light of this, Defendants' argument that they will be inconvenienced by litigating in this Court likewise does not overcome the deference given to Plaintiff's choice of forum.

### 2. The Public Factors

The public factors favor New Jersey. The underlying employment contract contains a New Jersey choice of law provision (Compl. ¶ 22). Accordingly, this Court is likely to be more familiar with the law underlying Plaintiff's New Jersey state law claims, favoring Plaintiff. Furthermore, New Jersey has a strong interest in this case, considering that the center of gravity of the parties' relationship is New Jersey. Calkins, 117 F.Supp.2d at 429.

Accordingly, because neither the private nor public factors weigh in favor of transfer, the Court declines to transfer this case to California pursuant to 28 U.S.C. § 1404(a).

### C. Defendants' 12(b)(6) Motion

Defendants ask this court to dismiss Plaintiff's sole federal claim and to subsequently decline to exercise supplemental jurisdiction over the remaining state law claims. Defendants argue that the allegations against Silva do not state a claim under CFAA because they do not sufficiently allege that Silva "exceed[ed] authorized access" on Plaintiff's computer system or accessed a computer "without authorization" under 18 U.S.C. §§ 1030(a)(2)(C), (a)(4), and (a)(5)(C). The CFAA defines "exceeds authorized access" as follows: "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled to so obtain or alter." 18 U.S.C. § 1030(e)(6).

As the parties acknowledge, there is a circuit split regarding the proper interpretation of these terms. The Seventh Circuit held that when an employee accesses files after breaching the duty of loyalty to his employer, he exceeds his authorized access. Int'l Airport Ctrs., L.L.C. v. Citrin, 440 F.3d 418, 420-21 (7th Cir. 2006). Similarly, the First, Fifth and Eleventh Circuits have held that the boundaries of "authorized access" "include exceeding the purposes for which access is 'authorized.'" U.S. v. John, 597 F.3d 263, 272 (5th Cir. 2010); U.S. v. Rodriguez, 628 F.3d

6

1258, 1263 (11th Cir. 2010); EF Cultrural Travel BV v. Explorica, Inc., 274 F.3d 577, 581-84 (1st Cir. 2001). The Ninth Circuit has, on the other hand, held that an employee does not exceed authorized access when that employee was entitled to obtain the documents at issue. LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1135 n.7 (9th Cir. 2009). The Fourth Circuit has held similarly. WEC Carolina Energy Solutions LLC v. Miller, 687 F.3d 199, 204 (4th Cir. 2012) (neither term reaches "the improper use of information validly accessed"). The Parties correctly note that the Third Circuit has not addressed this issue.

Plaintiff alleges that Silva accessed its servers and improperly deleted files. (Compl. ¶¶ 53-54). Drawing all inferences in favor of Plaintiff, this is enough to state a claim that Silva exceeded his authorized access under any interpretation of the law, since it is alleged that he altered files without authorization. 18 U.S.C. § 1030(e)(6). The Complaint also states a claim that Silva accessed the computer "without authorization" because, at this stage in the proceedings, any difference between "without authorization" and "exceeding authorized access" is "paper thin." Citrin, 440 F.3d at 420.

Further, because the complaint alleges that Silva was performing these actions on behalf of LBI, the complaint states a claim against both Defendants. (Compl. ¶¶ 6, 50-54).

### III. CONCLUSION

For the forgoing reasons it is on this 30th day of September, 2014:

ORDERED that Plaintiffs' motion (ECF No. 12) is DENIED.

_____
CLAIRE C. CECCHI, U.S.D.J.